IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD WONDERLING, | Civil Action No. 16-1687 |
| Petitioner, | |
| v. | District Judge Cathy Bissoon |
| | Magistrate Judge Lisa Pupo Lenihan |
| SCI FOREST, OVERMYER, Warden, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | |
| Respondents. | |

## MEMORANDUM ORDER

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Edward Wonderling ("Petitioner") pursuant to 28 U.S.C. § 2254. (Doc. 4.) Petitioner challenges his judgment of sentence entered on January 6, 2016 in the Court of Common Pleas of Jefferson County after he plead guilty to 3 counts of Aggravated Assault by Vehicle While Driving Under the Influence.[1] See Resp't Exs. A, B, D.[2] In exchange for his guilty plea, Petitioner received a negotiated sentence of 1 year to 2 years, split with and followed by, 8 years of probation on each count. See Resp't Ex. C. Each count was ordered to run consecutively yielding an aggregate sentence of 3 years to 6 years, split with and followed by, 24 years of probation. Id.

Petitioner did not appeal his judgment of sentence to the Superior Court of Pennsylvania, but he sought relief through a Petition for Post Conviction Relief ("PCRA") that he filed in the Court of Common Pleas on May 6, 2016. See Resp't Ex. E. However, his PCRA petition was

---

[1] 75 Pa. C.S.A. § 3735.1(a)

[2] Respondents' Exhibits are docketed at ECF No. 8. They will be referred to herein by their Exhibit number.

1

dismissed on August 25, 2016, and no direct appeal was filed from the court's order. *See* Resp't Ex. I.

Petitioner filed what the state court construed as a second PCRA petition on October 24, 2016. *See* Resp't Exs. J, K. However, on December 19, 2016, that petition was also dismissed. *See* Resp't Ex. M. On January 6, 2017, Petitioner appealed the court's order dismissing his second PCRA petition, and as of today, that appeal is still pending. Commonwealth v. Wonderling, 99 WDA 2017 (Pa. Super. Ct.).

Respondent has filed a Motion to Dismiss the Petition for Writ of Habeas Corpus on the basis that Petitioner has failed to exhaust his claims in the state courts as required before a petitioner can seek habeas relief in the federal courts. See 28 U.S.C. § 2254(b)(1);[3] see also Rose v. Lundy, 455 U.S. 509, 515 (1982); Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (1982); Ellison v. Rogers, 484 F.3d 658, 662-63 (3d Cir. 2007). This exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

In Pennsylvania, the exhaustion requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Common Pleas Court and then the Superior Court either on direct or PCRA appeal. See, e.g., Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004). Once a petitioner's federal claims

---

[3] This statute provides in relevant part: "An application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of that State . . . ."

have been fairly presented to the state courts and those proceedings conclude, the exhaustion requirement is satisfied.

The Court takes judicial notice that Petitioner's appeal of the order dismissing his second PCRA petition is still pending in the Pennsylvania Superior Court. Therefore, it is clear that Petitioner has not yet exhausted his state court remedies. At this time, the Court expresses no opinion as to the merits of Petitioner's claims, including Respondents' argument that some of his claims may be procedurally defaulted for his failure to appeal his judgment of sentence and the order dismissing his first PCRA petition to the Superior Court of Pennsylvania. Instead of dismissing the Petition for Writ of Habeas Corpus for Petitioner's failure to exhaust his state court remedies, the Court will instead stay and administratively close this case until such time Petitioner has exhausted said remedies. Petitioner shall file a motion to reopen this case within thirty (30) days of when his state court remedies have been exhausted.

**AND NOW**, this 28th day of February, 2017, after a Petition for Writ of Habeas Corpus was filed in the above captioned case, and it appearing that Petitioner is presently pursuing his state court remedies

**IT IS HEREBY ORDERED** that the Clerk of Court stay and administratively close this case.

**IT IS FURTHER ORDERED** that Petitioner shall file a motion to reopen this case within thirty (30) days of exhausting his state court remedies. If Petitioner does not refile his lawsuit within thirty (30) days, the case will be dismissed with prejudice based on the assumption that he no longer wishes to pursue these claims.

**AND IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 8) is dismissed without prejudice to refile once this case is reopened.

s/ Cathy Bissoon  
Cathy Bissoon  
United States District Judge

cc: Edward Wonderling
    MJ-5402
    SCI Forest
    PO Box 945
    Marienville, PA 16239

    Counsel of record
    (*Via CM/ECF electronic mail*)